IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
CA No.: 5:23-CV-00355-BO-KS

JEANNE LYLIANE GBETE, on behalf of
herself and all others similarly situated,

*Plaintiff,*

v.

SAMPSON BLADEN OIL COMPANY, INC.
D/B/A HAN-DEE HUGO'S,

*Defendant.*

## PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS
Fed. R. Civ. P. 26(c)

This matter is before the Court for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure on a Joint Motion by Plaintiff Jeanne Lyliane Gbete, on behalf of herself and all others similarly situated, and Defendant Sampson Bladen Oil Company, Inc., d/b/a Han-Dee Hugo's for Protective Order Regarding Confidentiality of Documents.

**WHEREAS**, some of the discovery sought by Plaintiff Jeanne Lyliane Gbete, on behalf of herself and all others similarly situated, ("Plaintiff") and Defendant Sampson Bladen Oil Company, Inc., d/b/a Han-Dee Hugo's ("Defendant") (collectively, the "Parties") in the above-captioned case likely involves the production of documents, things, and witness testimony containing Confidential Information (as defined in paragraph 1 below);

**WHEREAS**, the purpose of this Protective Order (this "**Order**"), which shall apply to this civil action only, is (1) to prevent unnecessary dissemination or disclosure of Confidential Information, and (2) to govern the Parties' handling and disclosure of Confidential Information during discovery, mediation, and pre-trial motions;

**WHEREAS,** this Order does not govern testimony at trial or any hearing; nor does this Order govern anything (regardless of form or media and whether in tangible or other form) that may be offered into evidence at any trial or hearing;

**WHEREAS,** nothing in this Order should be read as authority to restrict public access to judicial records, court testimony, matters in evidence, or to any information relied upon by a court in making its decisions; and

**WHEREAS,** nothing in this Order should be read as authority, permission, or right to file any document under seal without prior authorization from this Court.

It is therefore ORDERED, that the following terms and conditions, having been agreed to by the parties, are approved by the Court, and binding on all parties to this action:

**NOW, THEREFORE, IT IS ORDERED** that:

1. "**Confidential Information**" as used herein refers to any confidential, proprietary, or financial business information, trade secrets, or any information subject to a legally protected right of privacy or a confidentiality agreement with a third party, in each case regardless of form or media, and regardless of whether oral or written, including, but not limited to:

    (a) medical records and reports, including, but not limited to, psychological records and reports, x-rays, imaging, illustrations or other personal health-related information regarding Plaintiff or any other person about whom such information is discovered;

    (b) personnel records about Plaintiff and Defendants' current or former employees, including but not limited to, records related to time worked and pay, income tax records, and documents containing spouse and other dependent information;

    (c) all personally identifiable information, including, but not limited to, names, dates of birth, addresses, telephone numbers, email addresses, emergency contact information, social

security numbers, driver's license numbers, criminal records, background checks or other reference check information, and/or documents related to employee domestic or financial obligations, such as child support orders and garnishments, financial information (such as tax records, credit reports, loan applications, bank account information or documents showing profits, losses, payments or income);

(d) third-party settlement agreements, which include disclosure restrictions;

(e) proprietary business or financial data regarding corporate entities, or other commercially sensitive information, including, but not limited to, Confidential Information obtained from a Non-Party pursuant to a current Nondisclosure Agreement;

(f) non-publicly available information relating to future opportunities and/or plans, including strategic plans, marketing information, financial information, transaction information, and any other information the disclosure of which is likely to cause harm to the competitive position of the Disclosing Party, and

(g) for the avoidance of doubt, any information obtained through the deposition of any person and falling within any of the foregoing categories.

2. Notwithstanding anything to the contrary in this Order, Confidential Information shall not include:

(a) information that a party can demonstrate is now or becomes available to the public other than as a result of a disclosure by a party in violation of the terms of this Order; or

(b) information that is or becomes available through the Freedom of Information Act, or FOIA (5 U.S.C. 552, as amended), or any state analogues of FOIA, or any other similar law.

3. For the purposes of this Order, the term "**person**" means an individual human, corporation, partnership, limited liability company, limited liability partnership, syndicate, trust,

3

association, organization or other entity, including any governmental authority, and including any successor of any of the foregoing.

4. Confidential Information shall not be disclosed by the party to whom such documents have been produced, other than to:

(a) the party's attorneys (including employees and independent contractors, including without limitation, jury consultants of said attorneys);

(b) a party, or in the case of a corporate party, employees of the corporate party when such disclosure is determined by the corporate party to be necessary in connection with the litigation;

(c) any expert witnesses retained by a party in this litigation;

(d) any mediator retained by the parties, including such mediator's staff, provided the disclosure is made in the course of mediation or preparation for any such mediation;

(e) any agent or representative of Plaintiff's or Defendants' insurance carrier;

(f) any court reporters and/or videographers retained for use in this matter;

(g) any deponent (solely for the purposes of his/her deposition or preparation for that deposition) if such information is reasonably likely to be relevant to the deposition;

(h) any witness if such information is reasonably likely to be relevant to that witness's knowledge or subject matter of testimony, but the witness shall not be able to retain any Confidential Information;

(i) any person who is indicated, on the face of a document containing such information, to be the author or recipient of such document, or who, during a deposition, is established as knowledgeable of the contents of such document;

4

(j) any person that may be involved with, offer or become party to any litigation funding arrangements in respect of the matters before the Court in this civil action; and

(k) this or any other Court before which this litigation is pending, including any Court personnel, such as court reporters, clerks and the like.

5. Prior to a disclosure to any persons identified in Paragraph 4(b), 4(c), 4(e), 4(f), 4(g), 4(h), 4(i) or 4(j) above, the person to whom disclosure is to be made shall be furnished with a copy of this Order. Each such person is, and shall expressly agree in writing to be, bound by the terms of this Order, and is subject to the jurisdiction of this Court in the event of any violation.

6. Subject to Paragraph 2 above, documents subject to this Order may be used as exhibits or otherwise during depositions in this lawsuit.

7. Acceptance by a party of any information, document, or thing (in any form whether tangible or otherwise) as being "Confidential Information" pursuant to this Order shall not constitute an agreement by the non-producing party that the information, document or thing is, in fact, Confidential Information. Counsel for the non-producing party shall serve written notice of any objections upon the producing party within twenty (20) days of receipt of such information, documents or things. Before filing any motion or objection, counsel shall first meet and confer in an attempt to resolve any dispute of confidentiality between themselves. Only if counsel are unable to agree shall counsel contesting whether information is, in fact, Confidential Information as defined in this Order file a motion or objection with the Court. No disclosure of such information shall occur pending resolution of any dispute under this paragraph.

8. Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause

5

Case 5:23-cv-00355-BO-KS   Document 30   Filed 05/02/24   Page 5 of 9

shown. All parties retain the right to apply to the Court for an order affording additional protection to Confidential Information as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

9. No person bound by this Order shall disclose any "Confidential Information," either orally or in writing, to any person to whom disclosure is not authorized by the terms hereof.

10. All "Confidential Information" herein produced shall be used only in connection with this litigation and shall not be used in connection with any other lawsuit or for any other purpose whatsoever.

11. Nothing in this Order shall prevent or impair the use by a party of Confidential Information as set forth in paragraphs 1 and 2 of this Order in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as confidentiality of such information is protected as provided herein. To the extent any party seeks Confidential Information to be filed with the Court, they will consult with the producing party to determine if any of the documents should be filed under seal. If so, counsel filing the Confidential Information shall comply with Local Rule 79.2 and Section V.G of the Electronic Case Filing Administrative Policies and Procedures Manual ("CM/ECF Policy Manual"). If a filing party seeks to file Confidential Information provided by another party or person, the filing party shall provisionally file the Confidential Information under seal but shall not be required to file a motion to seal or otherwise defend another party's request that the Confidential Information remain sealed. (CM/ECF Policy Manual § V.G(1)(e)). The party or parties desiring that the Confidential Information be maintained under seal, or any third parties with standing to appear before this Court to seek any and all remedies available at law or in equity in the event of any disclosure, or threat of disclosure, of any Confidential Information, shall be provided

notice at least fifteen (15) days, or in the case of a reply brief, at least ten (10) days, before a party intends to file any such Confidential Information, and shall file a motion to seal, supporting memorandum and proposed order in accordance Section V.G(1)(e)(ii) of the Policy Manual. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

12. Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product privilege, or any other relevant privilege. Further, inadvertent production of privileged information shall not waive the privilege. If privileged information is inadvertently produced, the Recipient agrees that, upon request from the producing party, it shall promptly return the original and all copies of documents containing the privileged information, delete any versions of the documents containing the privileged information on any database or computer filing system it maintains, and make no use of the privileged information.

13. Within the later of: (a) thirty (30) days after termination of this litigation, including any and all appeals taken therefrom; or (b) within thirty (30) days after the time for taking such appeals has expired without appeal having been taken, counsel shall return to opposing counsel all discovery

7

and copies thereof subject to this Order in the possession of persons other than counsel for the parties to this Order. In lieu thereof, counsel may, at its option, confirm in writing to opposing counsel that counsel has destroyed all materials subject to the provisions of this Order that were in the possession of persons other than counsel for other parties to this Order. No person other than counsel for the parties to this Order may retain any documents which constitute Confidential Information subject to this Order and/or which incorporate or disclose Confidential Information. All Confidential Information not returned or destroyed shall remain subject to this Order.

14. No provision of this Order shall be construed as restricting disclosure or use of any document or information by the party making production of Confidential Information except as stated herein.

15. Each of the parties retain the right to move, individually or jointly, before this Court for an order seeking to modify the terms hereof. The parties agree to consult with each other prior to seeking modification of this Order from the Court.

16. This Order shall not prohibit the use of any documents or information subject to this Order at the trial of this matter.

SO ORDERED, this the ___1___ day of May, 2024.

_____
THE HONORABLE TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

**AGREED AND CONSENTED TO BY:**

/s/ Gilda A. Hernandez
Gilda A. Hernandez (NCSB No. 36812)
Hannah B. Simmons (NCSB No. 59579)
Matthew Marlowe (NCSB No. 60035)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Suite 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com
*Attorneys for Plaintiff*

/s/ Nathaniel J. Pencook
Phillip J. Strach, N.C. State Bar No. 29546
Matthew A. Abee, N.C. State Bar No. 46949
Nathaniel J. Pencook, N.C. Bar No. 52339
Jordan A. Koonts, N.C. State Bar No. 59363
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
phil.strach@nelsonmullins.com
matt.abee@nelsonmullins.com
nate.pencook@nelsonmullins.com
jordan.koonts@nelsonmullins.com

*Attorneys for Defendant*

9

Case 5:23-cv-00355-BO-KS   Document 30   Filed 05/02/24   Page 9 of 9