IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-355-BO-KS

JEANNE LYLIANE GBETE, on behalf of )
herself and all others similarly situated, )
                                          )
              Plaintiff,                  )
                                          )
       v.                                 )          O R D E R
                                          )
SAMPSON BLADEN OIL COMPANY,               )
INC. d/b/a/ Han-Dee Hugo's,               )
                                          )
              Defendant.                  )

This cause comes before the Court on plaintiff's motion for conditional certification pursuant to the Fair Labor Standards Act, for court-authorized notice to be issued under 29 U.S.C. § 216(b), for class certification under Fed. R. Civ. P. 23, and for appointment of class counsel under Fed. R. Civ. P. 23(g). [DE 37]. Defendant has responded, plaintiff has replied, and both parties have filed notices of subsequently decided authority. [DE 44]; [DE 45]; [DE 46]; [DE 47]. In this posture, the motion is ripe for disposition. For the reasons that follow, the motion is granted in part and denied without prejudice in part.

BACKGROUND

Plaintiff Jeanne Gbete instituted this action by filing a complaint against her former employer, Sampson Bladen Oil Company, which does business as Han-Dee Hugo's. Defendant operates approximately 110 gas stations and convenience stores throughout North Carolina. [DE 38-12] Clark Depo. at 16.[1] Defendant hires store managers to manage its convenience stores. *Id.*

_____

[1] Deposition page references are to the deposition page, not the page number generated by CM/ECF.

at 26. Convenience stores/gas stations are staffed with guest services representatives (or cashiers), assistant managers, and store managers. *See, e.g., id.* at 51; DE [38-2] Handbook at 36-57.[2] According to defendant's Handbook, store managers must be able to perform the duties of cashiers and assistant managers, as well as perform other managerial and leadership duties. Handbook at 50. Store managers are tasked with, among other things, completing paperwork and reports, completing bank deposits, food service counts, hiring and firing employees, and conducting employee evaluations. *See id.*; [DE 38-5]. Store managers are also "on call" twenty-four hours a day, seven days per week and are expected to work a minimum of forty-five hours per week in their store. Handbook at 54.

Plaintiff began working for defendant in 2016 as a cashier. [DE 1] Compl. ¶ 33. Plaintiff alleges that defendant's convenience stores were supposed to be operated by multiple employees, including cashiers, assistant managers, and a store manager, but were frequently understaffed. *Id.* ¶ 36. Plaintiff was promoted to store manager in 2018 and worked for defendant until she left her employment in January 2022. *Id.* ¶ 33. While she was employed as a store manager, plaintiff earned approximately $40,000 per year, plus bonuses. *Id.* ¶ 44. Plaintiff alleges that defendant misclassified her as a salaried, exempt employee and that her primary duty was not management. *Id.* ¶¶ 46-47; *see also* Clark Depo. at 179. Plaintiff seeks unpaid overtime under the Fair Labor Standards Act (FLSA) and payment of all owed, earned, and promised wages under the North Carolina Wage and Hour Act (NCWHA). Plaintiff maintains that defendant violated the FLSA and NCWHA by (1) unlawfully misclassifying store managers as salaried, exempt employees; (2) requiring store managers to work off-the-clock, including time spent working before and after the start of their shift or at other locations; and (3) maintaining a policy of docking store managers'

---

[2] References to pages in the Handbook are to the CM/ECF-generated page numbers.

2

Paid Time Off ("PTO") on days when they did not work the entirety of their shift. Plaintiff filed her complaint as a putative FLSA collective action and NCWHA class action under Fed. R. Civ. P. 23.

A scheduling order filed in this case set deadlines for Phase I – FLSA/NCWHA discovery. [DE 18]. At the close of Phase I discovery, plaintiff was to move for Rule 23 class or FLSA conditional certification, and after a decision on those motions, the parties are to proceed to Phase II discovery. *Id.* In the instant motion, plaintiff seeks conditional certification and court-facilitated notice for individuals who work or worked as store managers and similar positions for unpaid overtime under the FLSA. Plaintiff also seeks Rule 23 class certification for defendant's failure to pay individuals who work or worked as store managers or in similar positions for accrued and earned regular and/or straight-time wages, including promised straight-time for hours less than forty per week, bonuses, and premium overtime rates for hours above forty per week. Defendant opposes both conditional and class certification.

## DISCUSSION

### I. FLSA Conditional Certification

The Court considers first plaintiff's motion for conditional certification of an FLSA collective action. Plaintiff seeks to certify the following as a collective action:

> All individuals who were, are, or will be employed at Defendant SBOC or Han-Dee Hugo's North Carolina gas stations and/or convenience stores who worked as store managers or in similar positions within the past three (3) years preceding June 26, 2023 through the date of judgment or final disposition in this action, and who were misclassified as exempt by Defendant, and, were not compensated for their hours above forty (40) per week during any workweek within three (3) years prior to the commencement of this action, through the present.

The FLSA allows employees to maintain an action against an employer for unpaid minimum wages and overtime pay on behalf of themselves and all others similarly situated. 29

3

U.S.C. § 216(b). An employee who desires to participate in an FLSA collective action must "give [] his consent in writing to become . . . a party. . . ." *Id.* There are two requirements for the certification of an FLSA collective action. First, the proposed class members must be "similarly situated." *Id.* Second, the class members must "opt-in" by filing their consent to suit. *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 705 (E.D.N.C. 2011).

In determining whether to certify a collective action, the Court applies a two-step approach.[3] *See Vazquez-Aguilar v. Gasca*, 477 F. Supp. 3d 418, 421 (E.D.N.C. 2020). At the first, "notice" step of the process, the Court determines whether the plaintiff and potential opt-in plaintiffs are sufficiently "similarly situated" to warrant notice being given to allow potential plaintiffs to opt-in and to proceed as a collective action through discovery. Putative class members are "similarly situated" for purposes of § 216(b) if they "raise a similar legal issue as to coverage, exemption, or nonpayment [of] minimum wages or overtime arising from at least a manageably similar factual setting with respect to their job requirements and pay provisions . . .." *De Luna–Guerrero v. N.C. Grower's Ass'n, Inc.*, 338 F.Supp.2d 649, 654 (E.D.N.C. 2004) (citations omitted); *see also Vazquez-Aguilar*, 477 F. Supp. at 422. However, "their situations need not be identical. Differences as to time actually worked, wages actually due and hours involved are, of course, not significant to this determination." *Romero*, 796 F. Supp. 2d at 705. Where, as here, there has been some discovery conducted, courts may apply an intermediate, rather than a lenient standard of review as to whether the plaintiff and putative class members are similarly situated. *See Vazquez-Aguilar*, 477 F. Supp. 3d at 423 n.2. Nonetheless, at this stage, "the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility

---

[3] Defendant argues that the two-step approach should not apply, but it has provided no controlling case law on this issue. The Court will therefore continue to apply the two-step approach routinely utilized by district courts in this circuit and others. *See Francois v. Smithfield Foods, Inc.*, No. 7:22-CV-63-D, 2023 WL 4424068, at *2 (E.D.N.C. July 10, 2023).

4

determinations." *Adams v. Citicorp Credit Servs., Inc.*, 93 F. Supp. 3d 441, 454 (M.D.N.C. 2015).

Accordingly, whether the Court applies a lenient or intermediate standard, the hurdle plaintiff must

clear at this first step is not high. *Blaney v. Charlotte-Mecklenburg Hosp. Auth.*, No. 3:10-CV-592-

FDW-DSC, 2011 WL 4351631, at *6 (W.D.N.C. Sept. 16, 2011).

Defendant's primary argument against preliminary certification of a collective action is

that the putative plaintiffs will not be similarly situated because their specific store manager duties

varied. *See In re Fam. Dollar FLSA Litig.*, No. 3:08-md-1932-GCM, 2014 WL 1091356, at *2

(W.D.N.C. Mar. 18, 2014).[4] But individualized inquiry need not defeat FLSA collective

certification, in particular at the notice stage. Moreover, plaintiff has submitted sufficient evidence

at this stage to show that store manager duties at defendant's Han-Dee Hugo's locations were the

same or substantially similar, and, unlike the plaintiffs in *Family Dollar*, they are not relying solely

on the job description contained in defendant's Handbook. In practice, defendant's store managers'

duties routinely included, among other things, cleaning the store, stocking, completing paperwork,

working the register, counting cigarettes, and making bank deposits. *See, e.g.,* [DE 38-13] Gbete

Depo. at 150; [DE 38-14] Drammeh Depo. at 42; [DE 38-16] Stallworth Decl. ¶ 4. Plaintiff's

evidence further supports that, unlike the Handbook's job description, store managers did not hire

or fire employees. *See, e.g.,* [DE 38-17] Gibson Decl. ¶ 13; [DE 38-14] Drammeh Depo at 104-

105. Until 2022, store managers clocked in and out of work like other of defendant's employees,

such as cashiers and assistant managers. Manly Depo. at 27. In February 2022, defendant issued a

---

[4] Defendant also argues that collective actions based on misclassification of employees are routinely not certified. While some cases certainly support defendant's argument, others do not. *See, e.g., Williams v. XE Servs., LLC*, No. 2:09-CV-59-D, 2011 WL 52353, at *3 (E.D.N.C. Jan. 4, 2011).

5

memorandum which directed that store managers should no longer clock in and out, but that they were required to continue to put in full time hours and fulfill all job requirements. [DE 38-3].

Plaintiff's evidence at this stage supports that store managers such as herself were classified as exempt, managerial employees, while they routinely performed the work of non-exempt employees and did not exercise the managerial control that defendant ascribes to the store manager position. Plaintiff has further proffered sufficient evidence at this stage to support her theory that defendant's routine understaffing of convenience stores led to store managers being responsible for all duties performed by cashiers and assistant managers as well as their own, and that they often were required far in excess of forty-five hours per week. *See, e.g.*, [DE 38-18] French Decl. ¶¶7-9. Covering shifts for absent employees and working extra in order to complete managerial duties was also in addition to being on-call twenty-four hours per day, seven days per week. While some 'on-call' responsibilities were not onerous, plaintiff has proffered evidence that store managers routinely had to spend two to three hours of additional time working based on after-shift calls. *See, e.g., id.* ¶ 10.

In sum, plaintiff has satisfied her burden at this notice stage to show that she and putative collective members are similarly situated. While defendant relies on the declarations of several current store managers to paint a different picture of its store managers' experience, as noted above, the Court does not resolve contested factual issues at this stage. *See also Spencer v. Macado's, Inc.*, No. 6:18-CV-00005, 2019 WL 4739691, at *4 (W.D. Va. Sept. 27, 2019) ("happy camper" evidence entitled to little or no weight at conditional certification stage). The Court will conditionally certify the FLSA collective action. Plaintiff is to meet and confer with defendant in order to craft adequate and appropriate notice.

6

## II. Rule 23 class certification

Federal Rule of Civil Procedure 23 governs class certification, and it "holds plaintiffs to a higher bar than a pleading standard." *Stafford v. Bojangles' Restaurants, Inc*, 123 F.4th 671, 679 (4th Cir. 2024). "Rule 23(a) ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). "Under Rule 23(a), the party seeking certification must demonstrate, first, that '(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.'" *Wal-Mart Stores*, 564 U.S. at 345 (quoting Fed. R. Civ. P. 23(a)). These requirements are often described as numerosity, commonality, typicality, and adequacy. Furthermore, where, as here, certification is sought under Rule 23(b)(3), the plaintiff must also show that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The pertinent factors to consider under Rule 23(b)(3) include the difficulties in managing a class action, the desirability of concentrating the claims in a particular forum, the extent and nature of litigation already begun by or against the class members, and the class members' interests in individually controlling the prosecution of their claims or defenses. *Id.* 23(b)(3)(A)-(D). The plaintiff bears the burden to demonstrate that class certification is warranted. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

Plaintiff seeks certification of a NCWHA class as follows:

> All individuals who were, are, or will be employed at Defendant's North Carolina gas stations and/or convenience stores who worked as store managers or in similar

7

positions within the past two (2) years preceding June 26, 2023 through the date of judgment or final disposition in this action, and despite notification of premium overtime eligibility given their non-exempt status, promise to be paid for all hours worked, hourly pay listed on paystubs, were misclassified as exempt, and were not compensated for all hours worked, including but not limited, promised straight time for hours less than forty (40) per week, bonuses, and premium overtime rates for hours above forty (40) per week, during any workweek within two (2) years prior to the commencement of this action, through the present.

In light of the Fourth Circuit's decision in *Stafford v. Bojangles' Restaurants, Inc*, the Court is not convinced that the plaintiff's proposed class is sufficiently specific, as it appears to cover both putative class members who were notified that they *were* eligible for premium overtime, but were not paid for such, as well as putative class members who were misclassified as exempt. The definition of a Rule 23 class must be clear, and "overly general class definitions" "run afoul of Rule 23's core tenets." *Stafford*, 123 F.4th at 680. Accordingly, and as the *Stafford* decision was issued after briefing had been completed in this case, the Court will deny plaintiff's motion for Rule 23 class certification without prejudice. Plaintiff will be permitted to refile her motion to certify a NCWHA class, and incorporate any arguments raised in the instant motion, in order to ensure that the proposed class is not overly general and is clearly defined.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for conditional certification pursuant to the Fair Labor Standards Act, for court-authorized notice to be issued under 29 U.S.C. § 216(b), for class certification under Fed. R. Civ. P. 23, and for appointment of class counsel under Fed. R. Civ. P. 23(g) [DE 37] is GRANTED in part and DENIED WITHOUT PREJUDICE in part. A FLSA collective action is hereby CERTIFIED as follows:

All individuals who were, are, or will be employed at Defendant SBOC or Han-Dee Hugo's North Carolina gas stations and/or convenience stores who worked as store managers or in similar positions within the past three (3) years preceding June 26, 2023 through the date of judgment or final disposition in this action, and who were misclassified as exempt by Defendant, and, were not compensated for their

8

hours above forty (40) per week during any workweek within three (3) years prior to the commencement of this action, through the present.

Plaintiff shall meet and confer with defendant within fourteen (14) days of the date of entry of this order regarding appropriate notice to the collective. Plaintiff shall file a proposed notice with the Court not more than twenty-one (21) days from the date of entry of this order.

Plaintiff's motion for Rule 23 class certification is DENIED WITHOUT PREJUDICE to refiling within fourteen (14) days of the date of entry of this order with a revised class definition. Defendant shall have ten (10) days within which to respond, and plaintiff shall have seven (7) days to file any reply.

SO ORDERED, this 26 day of September 2025.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

9