IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-355-BO-KS

JEANNE LYLIANE GBETE, on behalf of )
herself and all others similarly situated, )
                                         )
                Plaintiff,               )
                                         )
        v.                               )          O R D E R
                                         )
SAMPSON BLADEN OIL COMPANY,              )
INC. d/b/a/ Han-Dee Hugo's,              )
                                         )
                Defendant.               )

This cause comes before the Court on defendant's motion to certify for interlocutory appeal the order granting plaintiff's motion for conditional certification under the Fair Labor Standards Act. [DE 53]. Plaintiff has responded [DE 59], defendant has replied [DE 62], and in this posture the motion is ripe for disposition. For the reasons that follow, the motion to certify is denied.

DISCUSSION

The Court dispenses with a recitation of the factual and procedural background of this action. On September 26, 2025, the Court entered an order which, in part, granted plaintiff's motion for conditional certification pursuant to the Fair Labor Standards Act (FLSA). [DE 49]. Defendant seeks certification of an interlocutory appeal of this portion of the Court's decision, specifically an order which would permit it to immediately appeal this Court's decision to use a two-step conditional certification approach under the FLSA.

Courts may certify interlocutory orders for appeal when they "involve[] a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the

litigation[.]" 28 U.S.C. § 1292(b); *see also In re Pisgah Contractors, Inc.*, 117 F.3d 133, 136–37 (4th Cir. 1997). A controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, *5 (4th Cir. 1989) (unpublished). Additionally, certification of an interlocutory appeal is "appropriate where 'the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts.'" *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 341 (4th Cir. 2017) (citation omitted).

The requirements of § 1292(b) are to be strictly construed, *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989), and, even if the requirements are satisfied, a district court retains discretion to decline to certify an interlocutory appeal. *See State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995). The moving party bears "the burden of persuading the court that 'exceptional circumstances justify a departure'" from the general policy against piecemeal appeals. *Id.* at 853.

"A controlling issue of law must dispose of the litigation no matter how it is resolved, and 'a question of law would not be controlling if the litigation would necessarily continue regardless of how that question were decided.'" *In re Camp Lejeune Water Litig.*, No. 7:23-CV-897, 2024 WL 2198651, at *2 (E.D.N.C. May 13, 2024) (quoting *Wyeth v. Sandoz, Inc.*, 703 F. Supp. 2d 508, 525 (E.D.N.C. 2010)). Here, even were the Fourth Circuit to agree with defendant's position regarding a one-step collective action certification procedure, it would not dispose of the litigation. Nor would it dispose of the FLSA-aspect of the litigation; rather, it would remain to be determined whether an FLSA collective action should be certified using a one-step approach.

2

Accordingly, defendant has failed to persuade the Court that exceptional circumstances exist which would support deviating from the policy against piecemeal appeals.

CONCLUSION

Defendant's motion to certify for interlocutory appeal [DE 53] is DENIED.

SO ORDERED, this __1__ day of April 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3