IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-355-BO-KS

| | | |
|---|---|---|
| JEANNE LYLIANE GBETE, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| SAMPSON BLADEN OIL COMPANY, INC. d/b/a/ Han-Dee Hugo's, | ) ) ) | |
| Defendant. | ) | |

This cause comes before the Court on the parties' joint submission regarding proposed notice of the collective action. [DE 57]. In their joint submission, the parties have provided competing proposals as to two outstanding issues: whether notice should be distributed via text message, in addition to U.S. Mail and email, and whether the notice should include language notifying putative collective action members of potential liability for costs should defendant ultimately prevail.

First, the Court, in the exercise of its discretion, approves distribution of the collective action notice via text message. *See Roldan v. Bland Landscaping Co., Inc.*, 341 F.R.D. 23, 35 (W.D.N.C. 2022). Second, the Court approves the inclusion of language regarding potential liability should defendant ultimately prevail. *See Mondragon v. Scott Farms, Inc.*, No. 5:17-CV-00356-FL, 2019 WL 489117, at *10 (E.D.N.C. Feb. 7, 2019) ("prospective plaintiffs must be made aware that they are potentially liable for some portion of defendants' costs if defendants should prevail in the action. Plaintiffs must include language which makes opt-in plaintiffs aware of this risk.") (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

The remaining provisions of the joint proposed notice are approved.

SO ORDERED, this 28 day of April 2026.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2